IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Joseph Sampson, # 261610,** ) | |
| ) | |
| Plaintiff, ) | **C/A No. 6:05-0343-CMC-WMC** |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **Fairfield Co. Detention Center,** ) | |
| **and Officer Carl Gray,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by Defendant Gray[1] while he was a pretrial detainee at the Fairfield County Detention Center, Winnsboro, South Carolina. Plaintiff claims Defendant Gray used excessive force injuring Plaintiff's arm during an incident occurring on September 1, 2004. Defendant Gray filed a motion for summary judgment. Plaintiff was advised by court order of the summary judgment procedure and the possibility of dismissal of the case if no response was filed. After three extensions of time, Plaintiff filed a response.

    In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation.

    This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court

---

[1] The records shows that an order of the court was filed February 9, 2005, directing that Defendant Fairfield County Detention Center not be served because it is not a "person" subject to suit under 42 U.S.C. § 1983, effectively dismissing that Defendant from this action.

reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that Defendant's motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the Complaint, the motion and response, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED** and this action is **dismissed** *with prejudice*.

**IT IS SO ORDERED**.

 s/ Cameron McGowan Currie
 CAMERON MCGOWAN CURRIE
 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 25, 2006

C:\Documents and Settings\guest\Desktop\05-3430order.wpd

2